# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2024

Lyle W. Cayce
Clerk

No. 23-10781

—————————

Herman Greinstein, *et al.*,

*Plaintiffs—Appellees*,

*versus*

Granite Services International Inc., *et al.*,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:18-CV-208

_____

Before Dennis, Willett, and Duncan, *Circuit Judges*.
Per Curiam:*

The district court certified for review under 28 U.S.C. § 1292(b) its order concerning application of the "salary basis" test under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. Because a different panel of our court resolved the certified question while this appeal was pending, we REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion.

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10781

I.

Greinstein worked as an environmental, health, and safety specialist for Granite Services International ("Granite").[1] He was paid $1,800 weekly for up to 40 hours of work and $45 per hour for time worked over 40 hours. He was paid nothing during the weeks he did not work. In 2018, Greinstein sued Granite under the FLSA, claiming he was entitled to 1.5 times his regular pay for hours worked over 40 hours in a given week. *See* 29 U.S.C. § 207(a)(1).[2] In response, Granite claimed that Greinstein was not entitled to the FLSA's overtime guarantees under various exemptions.[3]

The key issue on appeal is whether Greinstein was paid on a "salary basis." *See* 29 C.F.R. § 541.602(a). Granite argues Greinstein *was* paid on a salary basis—and thus exempt from the FLSA—under §§ 602(a) and 604(a) of the pertinent regulations. Specifically, under § 602(a), Greinstein was paid a "predetermined amount" on a "weekly" basis but was paid nothing for "any workweek in which [he] perform[ed] no work." *See id.* § 541.602(a), (a)(1). And under § 604(a), he was given "additional compensation based on hours worked for work beyond the normal workweek," which is consistent with being paid on a salary basis. *See id.* § 541.604(a). For his part, Greinstein argues that his wages were computed on an *hourly* basis and that, under § 604(b), his guaranteed pay did not bear a "reasonable relationship" to his actual earnings. *See id.* § 541.604(b).

---

[1] Granite is now called Fieldcore International.

[2] Greinstein's suit was filed as a putative collective action. The district court certified a conditional collective of similarly situated employees, and some opted in.

[3] Specifically, Granite argued Greinstein was exempt as an "executive, administrative, or professional," *see* 29 U.S.C. § 213(a)(1), and as a "highly compensated employee," *see* 29 C.F.R. § 541.601. Both exemptions, as discussed below, require an employee to be paid on a salary basis. *See* 29 C.F.R. §§ 541.100(a)(1), 541.601(b)(1).

The district court accepted neither party's argument. Adopting the magistrate judge's recommendation, the court instead ruled that Greinstein was not exempt under § 604(a) because he received no pay for weeks he did not work. That arrangement would have been fine under § 602(a), which provides that salary-basis employees need not receive pay for "any workweek in which they perform no work." *Id.* § 541.602(a)(1). Because Greinstein received "additional compensation," however, the court reasoned that § 604(a) overrides § 602(a) and demands that a salary-basis employee be paid every week, whether he works or not. The court focused on the language in § 604(a) that requires the employment to "include[] a guarantee of at least the minimum weekly-required amount paid on a salary basis." *Id.* § 541.604(a). Accordingly, the court ruled that Greinstein was not FLSA-exempt.

Nonetheless, the district court certified its order for interlocutory appeal under 28 U.S.C. § 1292(b), describing the issue as "a novel and difficult question of first impression." On interlocutory review under § 1292(b), we review "controlling questions of law" *de novo*, applying the same standards as the district court. *Castellanos-Contreras v. Decatur Hotels, LLC*, 622 F.3d 393, 397 (5th Cir. 2010) (en banc).

## II.

Shortly before this case was argued, a different panel of our court issued its decision in *Gentry v. Hamilton-Ryker IT Solutions, Inc.*, 102 F.4th 712 (5th Cir. 2024). Both parties agree that *Gentry* resolves the key question certified to us by the district court.

*Gentry* addressed the salary-basis test in light of the Supreme Court's decision in *Helix Energy Solutions Group, Inc. v. Hewitt*, 598 U.S. 39 (2023), *aff'g* 15 F.4th 289 (5th Cir. 2021) (en banc). *Gentry* explained that there are "two ways" to qualify as a salary-basis employee: "the avenue provided by

[§§] 602(a) and 604(b)," or "the alternative route established by [§] 604(b)." 102 F.4th at 718–20; *see also Helix*, 598 U.S. at 56 (recognizing "*two different avenues*—§ 602(a) and § 604(b)—for meeting the salary-basis test," with "§ 604(b) taking over where § 602(a) leaves off" (emphasis added)). *Gentry* also clarified the relationship between § 602(a) and § 604(a): "Section 604(a) *supplements* § 602(a)" by allowing an employer to give an employee additional compensation without jeopardizing his salary-basis status. 102 F.4th at 719 (emphasis added). *Gentry* further illustrated the harmony between the two sections in this way:

> Together, sections 602(a) and 604(a) allow employers to pay a true weekly salary, a salary paid on a weekly or less frequent basis, *plus additional compensation in the form of* commissions, profit-sharing, or *hourly wages for hours worked beyond the normal workweek*. Section 602(a) provides a stable and predictable source of income while § 604(a) allows performance incentives for work beyond the regular workweek.

*Gentry*, 102 F.4th at 719 (emphases added).

*Gentry* forecloses the district court's view of the interaction between § 602(a) and § 604(a). Section 604(a) does not override or qualify § 602(a); rather, § 604(a) "supplements" and "builds upon" § 602(a). *Id.* at 719, 722. In other words, rather than triggering an "additional hurdle" to satisfy the salary-basis test, § 604(a) permits additional pay so long as the underlying compensation scheme satisfies § 602(a). *Cf. id.* at 722 (holding "§ 604(a) is inapplicable because . . . [the employer] did not pay [the employees] on a salary basis" under § 602(a)). Contrary to the district court's view, the "guarantee" language in § 604(a) simply references the salary-based compensation guaranteed by § 602(a) and nothing more. *Cf. Coates v. Dassault Falcon Jet Corp.*, 961 F.3d 1039, 1048 (8th Cir. 2020) (holding

"guarantee" in § 604(b) "is better read as a shorthand statement of the governing 'not subject to reduction' standard in [§] 602(a)").

## III.

Having answered the certified question, we REVERSE the district court's judgment and REMAND for further proceedings consistent with this opinion. We express no opinion on Greinstein's alternative argument that he is not exempt from the FLSA under 29 C.F.R. § 541.604(b), leaving that question to be addressed by the parties and the district court on remand. *See United States ex rel. Simoneaux v. E.I. duPont de Nemours & Co.*, 843 F.3d 1033, 1041 (5th Cir. 2016) ("[E]ven if we have power to address an issue on interlocutory review, we can exercise our discretion to decline that jurisdiction." (citations omitted)).